FILED
NOV 14 2017
Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| PAUL HARTSON FLETCHER,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CV 15–104–H–DLC–JTJ<br><br>ORDER |

United States Magistrate Judge John T. Johnston entered Findings and Recommendations in this case on October 11, 2017, recommending that this matter be dismissed. Plaintiff Paul Hartson Fletcher ("Fletcher") filed a timely objection to the Findings and Recommendations, and so is entitled to de novo review of those findings and recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C).[1] This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a

---

[1] Fletcher filed two objections to the Findings and Recommendations. (Docs. 41, 43.)

-1-

"definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Judge Johnston concluded, and this Court agrees, that dismissal is appropriate because Fletcher has failed to produce expert testimony as required under Montana law regarding his claims of medical malpractice and lack of informed consent. In his first objection, Fletcher states his disagreement with Judge Johnston's findings, believes Judge Johnston's opinions are "tainted, biased, and prejudicial," and contends that he is at a grave disadvantage in prosecuting his case because he is incarcerated and is without representation. (Doc. 41 at 2–3.) Defendant United States of America filed a response to Fletcher's objection. (Doc. 42.) Defendant contends that Judge Johnston's Findings and Recommendations should be adopted in full because it is supported by the record and the law, and that Fletcher's motions for appointment of counsel were properly denied. Fletcher filed his second objection on November 13, 2017, and claims that he understands it is his burden to produce an expert witness but that he is unable to do so because of his incarceration and pro se status. (Doc. 43 at 1.) He also asserts that the photo attached to his objection makes plain the fact that his surgeon, Dr. Katie J. Kovacich-Smith was negligent.

First, Fletcher has failed to comply with Local Rule 72.3. He does not

identify the specific factual findings of Judge Johnston to which he objects, nor does he set forth the proper authority to contradict Judge Johnston's recommendation. His objections are nothing more than general statements that he disagrees with Judge Johnston's conclusions. Regardless of his noncompliance with Rule 72.3, Fletcher's claims fail on the merits. He failed to submit any expert witness testimony to support his claims of malpractice regarding the standard of care for podiatrists and whether that standard has been breached. Even though it was not the Defendant's burden to produce such expert testimony, the United States provided expert testimony regarding the standard of care for podiatrists and that no violation of the standard of care occurred here. (Doc. 31-3.) Thus, Judge Johnston correctly concluded based on this expert testimony that Dr. Kovacich-Smith did not violate the standard of care.

Fletcher's second objection rehashes his *res ipsa loquitur* argument. He contends that the photo depicting his injury and infection post-surgery (marked as Exhibit 100B) indicates that his doctor was negligent and breached the standard of care. However, this Court agrees with Judge Johnston's conclusion that under Montana law, *res ipsa loquitur* may not be used to replace the Plaintiff's burden to provide expert testimony regarding the standard of care and breach in a malpractice case. *Estate of Nielsen v. Pardis*, 878 P.2d 234, 236 (Mont. 1994)

(citing *Dalton v. Kalispell Reg. Hospital*, 846 P.2d 960, 963 (Mont. 1993)).

Judge Johnston also properly denied Fletcher's motions for appointment of counsel. Fletcher objects to this finding. (Doc. 41 at 3.) However, Fletcher does not provide any additional reasons for the appointment of counsel. Thus, he has not met his burden to prove that "exceptional circumstances" exist in this case or that he is likely to succeed on the merits. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Finally, Fletcher contends the Judge Johnston is biased because he erroneously reviewed the notes from Dr. Harkless, who made a reference to Fletcher's felony sex offense in the "social history" portion of his expert report. However, Judge Johnston makes no mention of Dr. Harkless in his Findings and Recommendations, but instead relies on Dr. Ericksen's expert report which identifies Fletcher's post-operative smoking and alcohol abuse as factors that directly impacted the healing process following surgery. Thus, there is no indication that Judge Johnston was biased whatsoever in relation to Fletcher's prior felony sex offense when he issued his Order in this case.

Accordingly, IT IS ORDERED that Judge Johnston's Findings and Recommendations (Doc. 40) are ADOPTED IN FULL. This case is DISMISSED.

IT IS FURTHER ORDERED that the Clerk of Court is directed to close the

case and enter judgment in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit.

DATED this 14th day of November, 2017.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court